# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| **CLYDE E. LEONARD JR.,** individually and on behalf of all others similarly situated, <br><br> **Plaintiffs,** <br><br> v. <br><br> **PEACHCAP TAX & ADVISORY, LLC, DAVID HARRISON MILLER, AND ERIC STEVEN BURNETTE,** <br><br> **Defendants.** | **Civil Action No. _____** |

## DEFENDANTS' NOTICE OF REMOVAL

Pursuant to 28 U.S.C. § 1441(a), 28 U.S.C. § 1446, and 15 U.S.C. § 78bb(f), Defendants PeachCap Tax & Advisory, LLC, David Harrison Miller, and Eric Steven Burnette (together, "Defendants"), by and through their undersigned counsel, hereby remove this action, captioned *Clyde E. Leonard Jr. v. PeachCap Tax & Advisory, LLC, David Harrison Miller, and Eric Steven Burnette,* bearing Case No. 2021CV348012 from the Superior Court of Fulton County, State of Georgia, to the United States District Court for the Northern District of Georgia. Defendants appear for the purposes of removal only and for no other purpose, reserve all defenses and rights available to them, and state as follows:

1. Plaintiff Clyde E. Leonard Jr. ("Leonard"), individually and on behalf of all other persons similarly situated, filed the present action on April 8, 2021, in the Superior Court of Fulton County, State of Georgia, as Case No. 2021CV348012. Defendants were served with the Complaint on May 10, 2021. *See* Acknowledgement of Service.

2. This notice is being filed within 30 days of service on Defendants and, thus, is timely filed under 28 U.S.C. § 1446(b).

3. All Defendants consent to the removal of this action.

4. As alleged in the Complaint, Leonard is a former client of Defendant PeachCap Tax & Advisory, LLC ("PCTA"), a registered advisory firm. *See* Complaint ¶ 13. Leonard alleges that while "[r]egistered investment advisors are not prohibited from using an affiliated broker-dealer to exercise trades," the "use of an affiliate involves a conflict of interest that must be explained to and authorized by the client." *Id.* ¶ 54. Leonard claims that PCTA secretly used an affiliated broker-dealer, PeachCap Securities ("PCS"), to buy and sell securities, resulting in Defendants receiving "unauthorized and unlawful commission payments from their affiliate" in connection with the purchase and sale securities for PCTA's clients. For example, Leonard alleges:

> 61. [PCTA] did not explain its receipt of commissions from these transactions to Plaintiff or other Class Members. The listing of a commission on the trade confirmation summary report is not an explanation of the commission payment to [PCTA], Miller, or Burnette, because it does not explain that [PCTA], Miller, or Burnette, Plaintiff's fiduciaries, were receiving a kickback or other payment in connection with the transaction.
>
> 62. [PCTA] did not adequately explain to Plaintiff and the other Class members that its affiliate, [PCS], made money and enriched itself in connection with these transactions and, further, failed to explain that [PCS] charged higher fees than other, unaffiliated broker-dealers would charge for the same services.
>
> 63. [PCTA] did not explain to Plaintiff and other Class members that it and its advisors and principals would receive compensation outside of the Agreement for using its affiliate, [PCS], to invest client funds….

*Id.* ¶¶ 61-63.

5.  Leonard alleges that Defendants' conduct was "fraudulent" and "operated as a deceit on the Plaintiff and other Class members." *Id.* ¶¶ 98-99.

6.  Relying on the allegations above Leonard, on behalf of himself and a putative class, asserts four state law claims; i.e., breach of fiduciary duty, negligence, breach of contract and violations of Georgia's Uniform Securities Act ("GUSA"). *Id.* ¶¶ 70-99.

7.  Although, in many cases, a plaintiff may avoid federal jurisdiction by exclusive reliance on state law, a plaintiff may not avoid federal jurisdiction where, as here, "the pre-emptive force of a statute is so extraordinary that it converts an ordinary state law common-law complaint into one stating a federal claim for

purposes of the well-pleaded complaint rule." *Behlen v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 311 F.3d 1087, 1090 (11th Cir. 2002).

8. The Securities Litigation Uniform Standards Act of 1998 ("SLUSA"), 15 U.S.C. §§ 77p, 78bb, preempts and precludes Leonard's claims. SLUSA made federal court the sole venue for class actions alleging misrepresentations, omissions, or deceit in connection with the purchase and sale of covered securities, with certain limited exceptions that are inapplicable here. *Id.* at 1092. "Congress further mandated that such class actions would be governed by federal law rather than state law." *Id.*

9. SLUSA allows for removal, and preempts and precludes claims, if: "(1) the suit is a 'covered class action,' (2) the plaintiffs' claims are based on state law, (3) one or more 'covered securities' has been purchased or sold, and (4) the defendant is alleged to have misrepresented or omitted a material fact 'in connection with the purchase or sale of such security.'" *Id.* (quoting *Riley v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 292 F.3d 1334, 1342 (11th Cir. 2002)); *see also* 15 U.S.C. § 77p. All four conditions are met here.[1]

---

[1] Defendants' Memorandum in Support of its Motion to Dismiss is being filed contemporaneously with this Notice of Removal. Defendants incorporate all of the arguments and authority from their Motion to Dismiss into this Notice of Removal.

10.     First, the underlying suit is a "covered class action." "A 'covered class action' is a lawsuit in which damages are sought on behalf of more than 50 people." 15 U.S.C. § 77p(f). Here, Leonard alleges "there are **hundreds** of members of the Class" and seeks to recover "actual and statutory damages (including punitive damages)." Complaint ¶¶ 74, 87, 92, 96, 99 and Request for Relief. Further, Leonard alleges that "[t]his action involves common questions of law and fact, which predominate over any questions affecting individual Class members." *Id.* ¶ 75. Thus, this case is a "covered class action."

11.     Second, Leonard's claims are based on state law; *i.e.*, Leonard asserts state law claims for breach of fiduciary duty, negligence, breach of contract, and violations of Georgia's Uniform Securities Act. *Id.* ¶¶ 70-99. Those state law claims satisfy the second condition of SLUSA preclusion.

12.     Third, Leonard's claims concern a "covered security." A "covered security" is "one traded nationally and listed on a national exchange." 15 U.S.C. § 77p(f). Here, Leonard's claims involve the purchase and sale of securities traded on NYSE, NASDAQ, and NYSE ARCA. Complaint ¶ 20 (sale of "stocks or ETFs"); *id.* ¶ 68 (referring to the "sale of securities"). In fact, the Complaint discusses Defendants' alleged "deceit" in the connection with the sale of UVXY, an ETF traded on the national NYSE ARCA exchange. *Id.* ¶ 57.

13. <u>Fourth</u>, Leonard alleges a manipulation, misrepresentation, omission, or deceptive device in connection with the purchase or sale of a covered security. *See, e.g.*, *Behlen*, 311 F.3d at 1094 (holding that SLUSA's "in connection with" requirement was satisfied in a case alleging breach of contract, breach of fiduciary duty, misrepresentation, suppression, unjust enrichment, and negligence on the grounds that a brokerage firm and a mutual fund manager sold investors a certain class of fund shares in order to collect excess fees and commissions on the sales); *Spencer v. Wachovia Bank, N.A.*, 2006 WL 3408043, at *4 (S.D. Fla. May 10, 2006) (SLUSA precludes claims alleging a failure "to fully and adequately disclose" conflicts and fees); *McCullagh v. Merrill Lynch & Co.*, 2002 WL 362774, at *4 (S.D.N.Y. Mar. 6, 2002) (holding that SLUSA's "in connection with" requirement was satisfied in an action seeking disgorgement of allegedly excessive commissions paid to an investment broker); *Fleming v. The Charles Schwab Corp.*, 878 F.3d 1146 (9th Cir. 2017) (alleging violations of the best execution duty are precluded by SLUSA).

14. Pursuant to 28 U.S.C. 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

15. Leonard's claims are removable to this Court under SLUSA. *See* 15 U.S.C. § 78bb(f); *Behlen*, 311 F.3d at 1092.

16. Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of the Summons, Complaint, and Defendants' Acknowledgment of Service, which are the only pleadings filed to date, are attached hereto as **Exhibit 1**.

17. Defendants will promptly file a copy of this Notice with the Clerk of the Superior Court of Fulton County, State of Georgia, pursuant to 28 U.S.C. § 1446(d). A true and correct copy of the Notice of Filing of Notice of Removal is attached hereto as **Exhibit 2**.

18. In addition, Defendants will promptly serve a copy of this Notice on Leonard's counsel of record.

**WHEREFORE**, Defendants remove this action in its entirety from the Superior Court of Fulton County, State of Georgia to this Court, the Northern District of Georgia.

Respectfully submitted this 24th day of May, 2021.

/s/ *Steven J. Rosenwasser*
Steven J. Rosenwasser
Georgia Bar No. 614908
James Z. Foster
Georgia Bar No. 756038

*Attorneys for Defendants*

**GREENBERG TRAURIG, LLP**
3333 Piedmont Road NE
Terminus 200, Suite 2500

Atlanta, Georgia 30305
Telephone: (678) 553-2100
Fax: (678) 553-2212

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| CLYDE E. LEONARD, JR., individually, ) <br> and on behalf of all similarly situated, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> PEACHCAP TAX & ADVISORY, LCC, ) <br> DAVID HARRISON MILLER, and ) <br> ERIC STEVEN BURNETTE, ) <br> ) <br> Defendants. ) <br> -------------------------------------------------------- | Civil Action No. _____ |

## CERTIFICATE OF SERVICE

I hereby certify that I have served a true and correct copy of the foregoing **Defendants' Notice of Removal** by U.S. Mail addressed as follows:

| | |
|---|---|
| Stephen D. Councill <br> Joshua P. Gunnemann <br> COUNCILL & GUNNEMANN LLC <br> 1201 Peachtree Street NE <br> Building 400, Suite 100 <br> Atlanta, Georgia 30361 | Bryan M. Knight <br> Jonathan Palmer <br> KNIGHT PALMER, LLC <br> 1360 Peachtree Street NE <br> Suite 1201 <br> Atlanta, Georgia, 30309 |

This 24th day of May, 2021

/s/ *Steven J. Rosenwasser*
Steven J. Rosenwasser

ACTIVE 57374871v2